Filed 11/24/20  P. v. Alford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090909 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F7246) |
| v. | ORDER MODIFYING |
| THOMAS TEMPLE ALFORD, | OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on November 16, 2020, be modified as follows:

In the first line of footnote two on page two, delete "defendant's" and insert "the People's" in its place.

This modification does not change the judgment.

1

BY THE COURT:


_____BLEASE_____, Acting P. J.


_____HOCH_____, J.


_____KRAUSE_____, J.

2

Filed 11/16/20  P. v. Alford CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C090909 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F7246) |
| v. | |
| THOMAS TEMPLE ALFORD, | |
| Defendant and Appellant. | |

Defendant Thomas Temple Alford appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95,[1] arguing the record does not establish, as a matter of law, that defendant was the actual killer, and that he received ineffective assistance of counsel.  We disagree with both contentions and affirm.

---

[1]    Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Defendant was charged with second degree murder with malice aforethought, with an additional allegation that in the commission of the offense, he used a handgun.[2] Defendant pleaded guilty to second degree murder (§ 187) and admitted that he personally used a firearm in committing that offense (§ 12022.5). The stipulated factual basis was the preliminary hearing transcript. That transcript discloses that defendant, his girlfriend, and his mother were living together in mother's home. On the evening of October 4, 1995, defendant and his mother got into an argument. Defendant had a handgun tucked in the back of his pants. As the argument between defendant and his mother continued, the girlfriend heard a gunshot and saw the mother on the floor, bleeding from the chest, with a rifle next to her body. Defendant's mother died from her gunshot wound. On April 8, 1996, the trial court sentenced defendant to a term of 15 years to life plus 10 years for the enhancement under section 12022.5, subdivision (a).

On March 22, 2019, defendant filed a petition for resentencing under section 1170.95. Defendant declared the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," he pleaded guilty to first or second degree murder in lieu of going to trial because he believed he could have been convicted of "1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder." He further declared he was not the actual killer.

---

[2] We granted defendant's motion to incorporate by reference the record on direct appeal in case No. C023526. The transcript of the preliminary hearing is included in that record.

2

The People filed a motion to deny the request for resentencing, indicating defendant was not eligible for relief, as he was the actual killer.[3] Attached to the motion was the presentence probation report.

The trial court issued a tentative ruling in which it reviewed and considered defendant's petition, the People's motion, the probation report, complaint, information, plea form, sentencing minute order, and abstract of judgment. Noting defendant was the actual killer and was not prosecuted under a felony murder theory, the trial court found defendant had not shown he came within the provisions of section 1170.95 and was ineligible for relief under the statute. Accordingly, the trial court issued an order denying the petition.

## DISCUSSION

Defendant contends the trial court erred in finding defendant had not made a prima facie showing under section 1170.95 because the record did not establish, as a matter of law, that he was the actual killer. He argues this case presents a pure question of law as to whether a probation report is part of the record of conviction. Acknowledging that counsel did not object to the trial court's consideration of the probation report, and anticipating this could result in a forfeiture of his claim, he also argues counsel was ineffective for failing to object to consideration of the probation report to establish he was the actual killer.

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

---

[3]     The People also filed a motion to dismiss the petition, arguing Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) is unconstitutional. That issue is not raised on appeal. We note our court recently joined the unanimous conclusion of other appellate courts that have addressed the issue, and rejected these claims in *People v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896.

3

participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1170.95, which provides a resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides in part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served." (§ 1170.95, subd. (c).)

As noted by the parties, defense counsel did not object to consideration of any of the records delineated by the trial court in its tentative decision, including the probation report. The failure of counsel to object on the basis that items of evidence are outside the record of conviction forfeits the claim on appeal that the trial court should not have considered the probation report as part of the record of conviction. (See *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1130.)

Anticipating this conclusion, defendant also argues the failure to object to consideration of the probation report constituted ineffective assistance of counsel. " 'To

4

establish ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant.' [Citations.]" (*People v. Johnson* (2015) 60 Cal.4th 966, 979-980.)[4]

The allegations of defendant's resentencing petition were facially sufficient, but its factual representations are false. The record shows defendant was ineligible for 1170.95 relief as a matter of law.

Defendant was not charged with an underlying crime and was not charged or convicted of second degree felony murder or murder under the natural and probable consequences doctrine directed at accomplice liability. A review of the record of conviction shows defendant "could not meet the statutory prerequisites for even filing a section 1170.95 petition because he was not charged or convicted of second degree felony murder or murder under the natural or probable consequences doctrine directed at accomplice liability. Accordingly, the superior court's summary denial was appropriate on this ground alone." (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674, italics omitted, review granted July 8, 2020, S262481.)

Moreover, the record of conviction demonstrates defendant was the actual killer. Defendant was charged with second degree murder and personally using a firearm in the killing of his mother. The stipulated factual basis for the plea was the preliminary hearing, which is part of the record of conviction (*People v. Reed* (1996) 13 Cal.4th 217,

---

[4] Defendant raises this claim under both the federal and state Constitutions. However, "there is no [federal] constitutional right to the effective assistance of counsel" in state postconviction proceedings. (*People v. Boyer* (2006) 38 Cal.4th 412, 489, superseded by statute on another ground; see *Coleman v. Thompson* (1991) 501 U.S. 722, 752 [115 L.Ed.2d 640, 671], superseded by statute on another ground.)

223) and demonstrates the murder involved a single perpetrator, i.e., defendant.  (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219.)  Defendant admitted the murder and the personal use allegation.  Thus, the record establishes defendant was the actual killer.  (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *Tarkington, supra*, at p. 899.)

The trial court properly screened and denied defendant's petition.  The record establishes he is not entitled to relief under section 1170.95 as a matter of law.  Thus, any error in counsel's failure to object to the trial court's consideration of the probation report would be harmless.  That is, there is no "reasonable probability"—meaning "a probability sufficient to undermine confidence in the outcome"—"that, but for counsel's [alleged] errors, the result of the [section 1170.95] proceeding would have been different," and we therefore reject his claim.  (*Strickland v. Washington* (1984) 466 U.S. 668, 694 [80 L.Ed.2d 674, 698].)

## DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


                                                                   \_\_\_\_\_KRAUSE_____, J.


We concur:


\_\_\_\_\_BLEASE_____, Acting P. J.


\_\_\_\_\_HOCH_____, J.

6